Andrew W. Caine (State Bar No. 110345)
Jeffrey P. Nolan (State Bar No. 158923)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email:  acaine@pszjlaw.com
            jnolan@pszjlaw.com

Attorneys for Defendant, Roland Wu

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>URBAN COMMONS, LLC,<br><br>                            Debtor.<br> | Case No. 2:21-bk-13523-ER<br><br>Chapter 7 |
| CAROLYN A. DYE, Chapter 7 Trustee,<br><br>                            Plaintiff,<br><br>vs.<br><br>ROLAND WU,<br><br>                            Defendant. | Adv. No.: 2:23-ap-01256-ER<br><br>**ANSWER TO COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS, PRESERVATION OF FRAUDULENT TRANSFERS, AND DISALLOWANCE OF CLAIMS**<br><br><u>Status Conference</u><br>Date:   To be Assigned<br>Time:<br>Place:<br><br>Jury Demand |

Defendant, Roland Wu ("Defendant"), by and through his counsel, Pachulski Stang Ziehl & Jones LLP, hereby files this *Answer to Complaint for Avoidance and Recovery of Fraudulent Transfers, Preservation of Fraudulent Transfers, and Disallowance of Claims* (the "Complaint") and hereby admits, denies, and alleges as follows:

DOCS_LA:350816.1 10814/001

**STATEMENT OF JURISDICTION, NATURE OF PROCEEDING AND VENUE**

1. In responding to Paragraph 1 of the Complaint, Defendant admits only that this adversary proceeding purports to be an action to avoid and recover allegedly fraudulent conveyances made by the Debtor to Defendant. Defendant denies that any such fraudulent conveyances were made. Defendant contends that the claims asserted in Plaintiff's Complaint are not core. Defendant does not consent to the entry of final orders and judgment by the Bankruptcy Court. Defendant denies the remainder of the allegations of Paragraph 1.

2. In responding to Paragraph 2, Defendant admits only that the Court has jurisdiction over this proceeding to the extent that it has authority only to enter proposed findings of fact and conclusion of law. Defendant denies the remainder of the allegations of Paragraph 2.

3. Paragraph 3 states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 3.

4. Defendant admits the allegations of Paragraph 4.

5. Defendant does not consent to entry of final orders or judgments by the Court in this action.

**RELEVANT BACKGROUND, PARTIES, AND**

**ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

6. Defendant admits the allegations of Paragraph 6.

7. Defendant admits the allegations of Paragraph 7.

8. Defendant admits the allegations of Paragraph 8.

9. The first sentence of Paragraph 9 states a legal conclusion to which no response is required. Defendant denies the remainder of the allegations of Paragraph 9.

10. Defendant denies that Plaintiff may amend the Complaint to allege additional claims. Defendant denies the remainder of the allegations of Paragraph 10.

11. Defendant admits that he resides in the state of California and is subject to the jurisdiction of this Court. Defendant admits he received the transfers referenced in Paragraph 11, but denies that Plaintiff is entitled to any relief therefrom and denies the remainder of the allegations of Paragraph 11.

12. Defendant admits that he received the transfers referenced in Paragraph 12, but lacks sufficient information with respect the remainder of the allegations and denies them.

### FIRST CLAIM FOR RELIEF

13. Paragraph 13 contains no factual allegations to which a response is required.

14. Defendant denies the allegations of Paragraph 14.

15. Defendant denies the allegations of Paragraph 15.

16. Defendant denies the allegations of Paragraph 16.

17. Defendant denies the allegations of Paragraph 17.

### SECOND CLAIM FOR RELIEF

18. Paragraph 18 contains no factual allegations to which a response is required.

19. Defendant denies the allegations of Paragraph 19.

20. Defendant denies the allegations of Paragraph 20.

21. Defendant denies the allegations of Paragraph 21.

### THIRD CLAIM FOR RELIEF

22. Paragraph 22 contains no factual allegations to which a response is required.

23. Defendant denies the allegations of Paragraph 23.

24. Defendant denies the allegations of Paragraph 24.

### FOURTH CLAIM FOR RELIEF

25. Paragraph 25 contains no factual allegations to which a response is required.

26. Defendant denies Paragraph 26, that any amounts are recoverable by Plaintiff, or that he is obligated to Plaintiff for any amount for any reason, or that any demand was made and as a result admits that he has not returned the transfer to Plaintiff.

27. Defendant denies the allegations of Paragraph 27.

### RESERVATION OF RIGHTS

28. Defendant denies that Plaintiff may amend the Complaint to allege additional claims against it and denies the remainder of the allegations of Paragraph 28.

29. Defendant denies that Plaintiff may bring additional claims against Defendant or object to any of Defendant's claims in another proceeding or amend the Complaint in order to do so. Defendant denies the remainder of the allegations of Paragraph 29.

### FIRST AFFIRMATIVE DEFENSE

30. The Complaint fails to state facts sufficient to constitute any claims for relief against Defendant.

### SECOND AFFIRMATIVE DEFENSE

31. The Plaintiff is precluded from any recovery under the Complaint by virtue of equitable doctrines including but not limited to waiver, laches, and estoppel.

### THIRD AFFIRMATIVE DEFENSE

32. The Complaint is barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

33. Plaintiff is barred from any recovery sought in the Complaint on the grounds that, for any and all payments made by the Debtor to Defendant, either directly or indirectly, Defendant provided, and the Debtor received, value to or for the benefit of the Debtor, and transacted in good faith, as provided in Bankruptcy Code sections 544, 550 *et seq.* and California Civil Code sections 3439, *et seq*.

### FIFTH AFFIRMATIVE DEFENSE

34. The Plaintiff's claims against the Defendant in the Complaint fail pursuant to the doctrines of *In Pari Delicto* and unclean hands.

### PRAYER FOR RELIEF

To the extent Plaintiff's demand for relief requires a response, Defendant denies that Plaintiff has been damaged, denies that Plaintiff is entitled to relief, and denies that Plaintiff may seek the relief alleged in the Complaint. Defendant prays for relief as follows:

1. That Plaintiff take nothing by way of the Complaint;
2. That the Complaint be dismissed in its entirety;

3.   For costs of suit incurred herein, including reasonable attorneys' fees; and

4.   For such other and further relief as the Court may deem just and proper.

Dated:   August 25, 2023          PACHULSKI STANG ZIEHL & JONES LLP

 */s/ Jeffrey P. Nolan*
Andrew W. Caine
Jeffrey P. Nolan
Attorneys for Defendant,
Roland Wu

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067-4003

A true and correct copy of the foregoing document entitled (*specify*): **ANSWER TO COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS, PRESERVATION OF FRAUDULENT TRANSFERS, AND DISALLOWANCE OF CLAIMS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) August 25, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Carolyn A Dye (TR)
trustee@cadye.com, c197@ecfcbis.com;atty@cadye.com

Jeffrey P Nolan on behalf of Defendant Roland Wu
jnolan@pszjlaw.com

Leonard Pena on behalf of Plaintiff Carolyn Dye
lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2**. **SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3**. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) August 25, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via FedEx Overnight**
Hon. Ernest M. Robles
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1560
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 25, 2023 | Maria R. Viramontes | */s/Maria R. Viramontes* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  **F 9013-3.1.PROOF.SERVICE**